UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURDEEP SINGH BAINS (A# 246-257-960),

Petitioner,

v.

WARDEN, GOLDEN STATE ANNEX,

Respondent.

No. 1:26-cv-07846 DC SCR

FINDINGS & RECOMMENDATIONS

Petitioner is a federal immigration detainee proceeding through appointed counsel with a habeas corpus action pursuant to 28 U.S.C. § 2241. This matter was referred to the undersigned by operation of Local Rule 302 and 28 U.S.C. § 636(b)(1).

**I. Factual and Procedural History**

Petitioner is a citizen and national of India who is currently in the custody of Immigration and Customs Enforcement ("ICE"). Proceeding pro se, he filed his petition on September 24, 2026, alleging that his ongoing detention under the Due Process Clause of the Fifth Amendment. ECF No. 1. Petitioner specifically challenges the outcome of his September 16, 2026, bond hearing. He alleges that the immigration judge ("IJ") denied bond based on the "uncharged and conclusory allegation" that he was part of an "active shooting investigation," even though he was not involved in the purported incident and has no criminal record and failed to meaningfully consider his flight mitigation evidence. See id. at 6-7. He seeks immediate release. Id. at 7.

Respondent counters that Petitioner is lawfully detained pursuant to 8 U.S.C. § 1226(a). ECF No. 5. Respondent denies any due process violation related to Petitioner's detention, claiming that he has "no prior encounters with immigration authorities nor was he ever previously released before he was detained on August 5, 2026, for his removal proceedings," and that he was "apprehended after the FBI executed a search warrant at a home in Elk Grove, California where three firearms were found and Petitioner was identified as being part of an active shooting investigation." Id. at 1. Respondent adds that Petitioner is free to appeal the bond ruling to the Board of Immigration Appeals ("BIA") or seek a renewed bond hearing should his circumstances materially change. Id. at 2.

Due to the complexity of the issues presented, the undersigned appointed counsel to Petitioner sua sponte. ECF No. 6. Petitioner, through appointed counsel, filed a reply refuting Respondent's representation that he had no prior encounters with immigration authorities. ECF No. 9. Petitioner argues Respondent's own records show an encounter with immigration officials in March 2023 and a subsequent release from detention, as well as a pending asylum application filed in July 2023. As a result, Petitioner contends that his arrest by ICE without pre-deprivation notice and hearing violated the Due Process Clause of the Fifth Amendment, and the September 16, 2026, bond hearing conducted pursuant to § 1226(a) did not cure that constitutional violation. Id.

**II. Legal Standards**

The Supreme Court has held that "the Due Process Clause applies to all 'persons' within the United States, including [non-citizens], whether their presence here is lawful, unlawful, temporary, or permanent." Zadvydas v. Davis, 533 U.S. 678, 693 (2001). Courts examine procedural due process claims in two steps: the first step is determining whether there exists a protected liberty interest under the Due Process Clause. The second step examines the procedures necessary to ensure any deprivation of that protected liberty interest accords with the Constitution. See Kentucky Dep't of Corrections v. Thompson, 490 U.S. 454, 460 (1989); Morrissey v. Brewer, 408 U.S. 471, 481 (1972) ("Once it is determined that due process applies, the question remains what process is due."). In deciding what process is due to immigration

detainees, the Ninth Circuit has assumed, without deciding, that the three-part test articulated in Mathews v. Eldridge, 424 U.S. 319 (1976), applies. See Rodriguez Diaz v. Garland, 53 F.4th 1189, 1206-07 (9th Cir. 2022). Under Mathews, the court considers three factors: (1) the private interest affected; (2) the risk of an erroneous deprivation of that interest; and (3) the government's interest involved including any fiscal or administrative burden that additional procedures would include. Mathews, 424 U.S. at 335.

An as-applied challenge "contends that the law is unconstitutional as applied to the litigant's particular [circumstances], even though the law may be capable of valid application to others." Foti v. City of Menlo Park, 146 F.3d 629, 635 (9th Cir. 1998) (citation omitted).

**III. Analysis**

Although Petitioner's Form I-213 lists his manner of entry as entry without inspection on an unknown date and time, ECF No. 5-1 at 1, the undersigned finds that the record otherwise plainly shows a prior encounter with immigration officials and discretionary release from immigration detention. For instance, the Department of Homeland Security ("DHS") issued Petitioner a Notice to Appear ("NTA") on March 26, 2023, that reflects an earlier arrival near Lukeville, Arizona. ECF No. 5-2. The attached FBI rap sheet shows an encounter at Custom and Border Patrol's Bisbee (AZ) Station on March 22, 2023, where immigration officials captured Petitioner's biometrics. ECF No. 5-4 at 2-3. Petitioner similarly recalls that he entered United States through the border without a visa on or about March 22, 2023, and that he was detained for approximately seven days before immigration officers released him.[1] Declaration of G. Singh Bains ¶ 2-3 ("Pet. Decl."), ECF No. 9-1 at 1.

The record does not identify the specific manner of Petitioner's release in March 2023. Nevertheless, the assigned District Judge has generally found that before the government can re-detain a noncitizen, the Due Process Clause requires that it convene a pre-deprivation bond hearing before a neutral arbiter at which the noncitizen's eligibility for bond must be considered. See Tinoco v. Noem, 818 F. Supp. 3d 1141, 1152–53 (E.D. Cal. 2025) (granting motion for

[1] The Form I-213 also references a pending I-589 application for asylum and withholding of removal. ECF No. 5-1 at 2.

temporary restraining order on due process claim where government revoked the petitioner's order of release on recognizance under § 1226(a) without pre-deprivation hearing); Labrador-Prato v. Noem, 815 F. Supp. 3d 1113, 1121–22 (E.D. Cal. 2025) (same); D.L.C. v. Wofford, 1:25-cv-01996-DC-JDP, 2026 WL 25511 (E.D. Cal. Jan. 5, 2026) (finding same as to applicant for admission granted humanitarian parole pursuant to 8 U.S.C. S 1182(d)(5)). Consistent with the Court's reasoning and rulings in these substantively identical cases, the undersigned finds that the Mathews factors on analysis show that Petitioner's re-arrest without pre-deprivation notice and hearing violated his Fifth Amendment right to procedural due process.

The undersigned is unpersuaded that the Petitioner's purported involvement in an "active shooting investigation" warrants a post-deprivation remedy for this due process violation. Petitioner testifies that the FBI and ICE took him into custody after a search warrant was executed at the residence where he rented a room and that the subject of the FBI's inquiry was his roommate. Pet. Decl. ¶¶ 5-6, ECF No. 9-1 at 1-2; see also ECF No. 1 at 6 (alleging that Petitioner "cooperated with the FBI [and] explained to them that I lived upstairs . . . [and] had no involvement"). It is undisputed that Petitioner has not been charged with a crime related to the investigation and has no other criminal history. Id. ¶ 7; see also ECF No. 5-4 (FBI rap sheet reflecting no criminal history). Respondent does not refute this record and provides no evidence supporting Petitioner's alleged involvement in the FBI and ICE's investigation. Accordingly, the undersigned finds that a pre-deprivation remedy is warranted. Cf. Velasquez Leon v. U.S. Attorney General/ICE, No. 1:26-cv-07221-DC-CKD, 2026 WL 2982950, at *2 (E.D. Cal. Oct. 5, 2026) (same where the respondents note the petitioner's earlier arrest that "was disposed of with 'no action,' but provide[d] the court with no argument as to how that dropped charge ha[d] any bearing on [the] case").

The generic § 1226(a) hearing convened after Petitioner's re-detention does not affect this due process remedy.[2] The assigned District Judge has held, and the undersigned agrees, that a post-deprivation bond hearing cannot suffice as a post hoc cure for an earlier constitutional

[2] For this reason, the undersigned need not address Petitioner's separate request for judicial review of the IJ bond denial.

violation stemming from the government's failure to provide notice and a pre-deprivation bond hearing before revoking a noncitizen's government-sanctioned liberty. See Oliveira Tinoco v. Albarran, et al., No. 1:26-cv-05505-DC-CKD (HC), 2026 WL 2949219, at *4–6 (E.D. Cal. Oct. 1, 2026) (rejecting the respondents' suggestion that Rodriguez Diaz, 53 F.4th 1189, foreclosed due process relief in cases where the government seized "a person after years of government-sanctioned liberty without affording any prior process," and ordering that the petitioner be returned to the status quo ante litem) (citation modified). A person who has suffered a constitutional violation should ordinarily be returned "to the status quo, or 'the last uncontested status which preceded the pending controversy,'" particularly where, as here, "the protections at issue are intended to prevent an unlawful detention in the first place." Lyu v. Janecha, No. 5:26-CV-05051-MBK, 2026 WL 2681631, at *4 (C.D. Cal. Sept. 13, 2026) (citations and quotations omitted).

## CONCLUSION

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Petitioner's petition for writ of habeas corpus (ECF No. 1) be GRANTED.

2. Respondent be ordered to IMMEDIATELY RELEASE Petitioner GURDEEP SINGH BAINS (A# 246-257-960) on the conditions of supervision in place at the time of his re-arrest on or about August 5, 2026.

3. At the time of release, Respondents must return all of Petitioner's documents and possessions.

4. Respondents be ordered to file a notice certifying compliance with this provision within two (2) court days from the date of any order adopting the findings and recommendations.

5. If the government seeks to re-detain Petitioner, it must provide no less than seven (7) days of notice to Petitioner and provide Petitioner with a bond hearing before an immigration judge at which the government must prove by clear and convincing evidence that Petitioner is a flight risk or danger to the community such that his re-detention is warranted.

6. The final order entered in this case not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final

order of removal and Petitioner receives notice of that final order of removal.

7. The Clerk of Court be directed to:

a. Serve a copy of any release order on the Golden State Annex; and

b. Enter judgment in favor of Petitioner and close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within **three days** after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. The undersigned finds that a shortened objection period is warranted in this case given the nature of the relief at issue as well as the fact that the parties have had sufficient time to submit all of their arguments in written briefs. See United States v. Barney, 568 F.2d 134, 136 (9th Cir. 1978) (per curiam) (stating that 28 U.S.C. § 636(b)(1) sets the maximum objection period and not the minimum); see also Local Rule 304(b). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: November 10, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE